FILED

2023 Nov-02  PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MYESHA SCOTT,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:22-cv-01451-ACA** |
| | ] | |
| **CENTICK ENTERPRISES, LLC, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Myesha Scott filed this lawsuit against Defendants Enos Ngetich and Centick Enterprises, LLC, alleging that they violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, by failing to pay her overtime wages. (Doc. 1). Mr. Ngetich and Centick defaulted and Ms. Scott now moves under Federal Rule of Civil Procedure 55(b) for a default judgment, seeking an award of $9,000 in damages plus $733.93 in costs and $3,656.25 in attorney's fees. (Doc. 13 at 3–5). The court **GRANTS** the motion for default judgment and **WILL ENTER DEFAULT JUDGMENT** in favor of Ms. Scott and against Mr. Ngetich and Centick.

The court **GRANTS IN PART** and **DENIES IN PART** the motion for costs. The court **GRANTS** the request for the filing fee, **DENIES** the request for postage, and **DENIES WITHOUT PREJUDICE** the request for the cost of the process server. The court **DENIES** the motion for attorney's fees **WITHOUT**

**PREJUDICE**. The court **DEFERS** entering an order on the motion for costs and fees until after Ms. Scott has had an opportunity to adequately support it.

## I.     BACKGROUND

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted)). Accordingly, the court takes as true the well-pleaded allegations of Ms. Scott's complaint. Those allegations establish that in September 2021, Ms. Scott began working for Centick as the manager of two gas stations. (Doc. 1 ¶¶ 15–17). Centick's gross revenues exceed $500,000 per year. (*Id.* ¶ 8). Mr. Ngetich was the owner of Centick, with authority to hire and fire, supervise and control work schedules, and determine the method and rate of pay for employees. (*See id.* ¶¶ 10–14). Ms. Scott earned an hourly wage of $10 per hour and worked, on average, sixty hours per week. (*Id.* ¶¶ 19, 24). But, despite her informing "the Defendant" of her overtime hours, requests for overtime, and requests for physical copies of her time sheets, she was never paid the premium overtime rate for hours worked over forty hours per week. (Doc. 1 ¶¶ 25, 29–31). She worked for Centick until March 2022. (*Id.* ¶ 26).

Ms. Scott filed this lawsuit on November 15, 2022 seeking "in excess of $8,000 in premium overtime pay plus liquidated damages (discovery pending)" (*id.* ¶ 33), for the violation of § 207 of the FLSA (*id.* at 4–5). She served Mr. Ngetich

and Centick on May 3, 2023. (Docs. 6, 7, 8-1). As a result, responsive pleadings were due by May 24, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). After Defendants failed to plead or otherwise defend the action, Ms. Scott moved for entry of default against Mr. Ngetich and Centick, which the Clerk entered. (Docs. 8, 10). Ms. Scott then moved for entry of default judgment. (Doc. 13).

## II.    DISCUSSION

Ms. Scott seeks both entry of a default judgment and an award of costs and attorney's fees. The court will address the motion for a default judgment first.

### 1.  Default Judgment

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Second, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant as long as the well-pleaded allegations in the complaint state a claim for relief. Fed. R. Civ. P. 55(b); *Nishimatsu Contr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

Here, the Clerk has already entered default against Mr. Ngetich and Centick and neither is an infant or incompetent person, so the court must determine whether the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

well-pleaded factual allegations support Ms. Scott's claim that Mr. Ngetich and Centick are liable for violating 29 U.S.C. § 207. That section provides that "[n]o employer shall employ any of his employees who in any workweek . . . is employed in an enterprise engaged in commerce . . . , for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). An "[e]nterprise engaged in commerce" includes "an enterprise whose annual gross volume of sales made or business done is not less than $500,000." *Id.* § 203(s)(1)(iii). An "[e]mployer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d); *see also Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013) ("[A] corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.") (quotation marks omitted).

Ms. Scott's well-pleaded allegations state a claim for relief against both Mr. Ngetich and Centick. She alleges that Centick is an enterprise earning more than $500,000 in gross revenue annually. (Doc. 1 ¶ 8). She worked, on average, sixty hours a week, but was paid only her regular hourly wage of $10 per hour. (*Id.* ¶¶ 19, 24). Moreover, Mr. Ngetich qualified as an "employer" subject to individual liability because he owned Centick and exhibited "operational control" of the company. *See*

29 U.S.C. § 203(d); *Lamonica*, 711 F.3d at 1309. Default judgment in Ms. Scott's favor is appropriate with respect to liability.

Next, the court must address the amount of damages it will award. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The court may enter a default judgment without a hearing only if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United States Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *see also* Fed. R. Civ. P. 55(b)(1); *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (holding that the court may award damages only if the record adequately reflects the basis for such an award through "a hearing or a demonstration by detailed affidavits establishing the necessary facts") (quotation marks omitted).

In her complaint, Ms. Scott demanded "in excess of $8,000.00 in premium overtime pay plus liquidated damages (discovery pending)." (Doc. 1 ¶ 33). Under the FLSA, "[a]ny employer who violates the provisions of . . . section 207 of this title shall be liable to the employee . . . affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Ms. Scott does not have records of her time worked because Centick refused to give her copies. (Doc. 1 ¶ 31). But she worked around twenty hours of overtime per week from September 2021 until March 2022, which

amounts to approximately 30 weeks. (*See* doc. 1 ¶ 26). At her regular hourly wage of $10, she should have earned $15 for the overtime hours. (*See id.* ¶ 19). Twenty hours per week for thirty weeks at a rate of $15 per hour equals $9,000. This amount does not exceed what Ms. Scott demanded in her complaint. (*See id.* ¶ 33). Accordingly, the court finds that it is an appropriate award. The court **GRANTS** the motion for default judgment and **WILL ENTER DEFAULT JUDGMENT** in favor of Ms. Scott and against Mr. Ngetich and Centick in the amount of $9,000.

<u>2. Costs and Attorney's Fees</u>

Ms. Scott also moves for $733.93 in costs and $3,656.25 in attorney's fees. (Doc. 13 at 4; *see* doc. 1 at 6). The court will begin with the request for costs before turning to the request for attorney's fees.

Ms. Scott seeks to recoup the filing fee of $402, postage of $8.93, and the cost of a process server of $323. (Doc. 13 at 4; *see also* minute entry Jan. 3, 2023). The court may award only the costs authorized by "explicit statutory or contractual authorization." *Arcadian Fertilizer, LP v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). The only statutory authorization cited by Ms. Scott is 29 U.S.C. § 1920. (Doc. 13 at 4). That statute permits recovery of six categories of costs, including "[f]ees of the clerk and marshal." 29 U.S.C. § 1920(1). Ms. Scott's filing fee of $402 clearly falls in that category. *See id.*; (minute entry Jan. 3, 2023). The court therefore **GRANTS** the request to recover $402 in costs for the filing fee.

Postage, however, does not fall within § 1920(1). *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). The court therefore **DENIES** the request for $8.93 in postage.

Ms. Scott's final request is for $323 for a private process server. The Eleventh Circuit permits a party to recover the cost of a private process server so long as the fee does "not exceed the statutory fees authorized in [29 U.S.C.] § 1921." *U.S. EEOC v. W&O, Inc.,* 213 F.3d 600, 624 (11th Cir. 2000). The current fee for process served personally is "$65 per hour (or portion thereof) for each item served by one U.S Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3). Although Ms. Scott requests $323, she provides no information about how many hours or minutes the process server needed or what the process server's travel costs and out-of-pocket expenses were. The court therefore cannot award Ms. Scott the cost of the process server at this time. The court **DENIES** the request for the cost of the process server **WITHOUT PREJDUCE** to refiling with more information.

Next, Ms. Scott requests $3,656.25 in attorney's fees. (Doc. 13 at 4). In support of the request for attorney's fees, Ms. Scott submits a declaration from her attorney, who attests that he did 11.25 hours of work at a rate of $325 an hour. (Doc. 13-2 ¶ 3). The FLSA permits an award of "reasonable" attorney's fees to the prevailing party. 29 U.S.C. § 216(b). To do this analysis, the court must determine

the lodestar amount by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

Ms. Scott has not adequately supported her request for attorney's fees. To begin, the court requires evidence that counsel's requested hourly rate of $325 is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work," *id.* at 1299, but the court may rely on its "own knowledge and experience concerning reasonable and proper fees," *id.* at 1303 (quotation marks omitted). In this case, the court lacks evidence that counsel's "requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1299.

The court also lacks sufficient evidence to determine whether the 11.25 hours expended on the case was reasonable. Counsel has provided only a general statement that he expended 11.25 hours, but he has not provided a timesheet or breakdown of how he spent those hours. *See id.* at 1301–02. Because Ms. Scott has not adequately supported her request for attorney's fees, the court **DENIES** that request **WITHOUT PREJUDICE** to refiling with more information.

### III.   CONCLUSION

The court **GRANTS** the motion for default judgment and **WILL ENTER DEFAULT JUDGMENT** in favor of Ms. Scott and against Mr. Ngetich and Centick in the amount of $9,000.

The court **GRANTS IN PART** and **DENIES IN PART** the motion for costs. The court **GRANTS** the request for the filing fee, **DENIES** the request for postage, and **DENIES WITHOUT PREJUDICE** the request for the cost of the process server. The court **DENIES** the motion for attorney's fees **WITHOUT PREJUDICE**. The court **DEFERS** entering an order on the motion for costs and fees until after Ms. Scott has had an opportunity to adequately support it. Ms. Scott may refile her motion for attorney's fees and the cost of the process server **on or before November 16, 2023**.

The court will enter a separate final default judgment consistent with this opinion and order.

**DONE** and **ORDERED** this November 2, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE